IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Tillman, Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 4671 |
| | ) |
| Bulkmatic Transport Co., | ) Wayne R. Andersen |
| Defendant. | ) District Judge |
| | ) |

## MEMORANDUM, OPINION AND ORDER

### Introduction

This case is before the Court on Defendant's motion to dismiss Plaintiff's federal law claims, pursuant to Federal Rule of Civil Procedure 12(b)(6). We deny Defendant's motion for the reasons enumerated below.

### Background

Plaintiff James Tillman ("Tillman"), an owner-operator of a truck tractor, filed a three-count complaint against Defendant Bulkmatic Transport Co. ("Bulkmatic"), alleging various violations of the federal leasing regulations that govern lease agreements between them, pursuant to 49 U.S.C. §§ 14102 and 14704 *et seq*. Bulkmatic filed a motion to dismiss or, in the alternative, stay Counts I and III (Tillman's federal law claims; Count II alleges breach of contract), asserting that: 1) Tillman does not have a private right of action to obtain relief under 49 U.S.C. § 14704; 2) any claim Tillman asserts for damages accruing prior to August 15, 2003 should be dismissed pursuant to an applicable two year statute of limitations; and 3) the doctrine of primary jurisdiction warrants a stay, pending

a ruling by the Federal Motor Carrier Safety Administration ("FMCSA") concerning the proper standard for compliance with leasing regulations.

## Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) turns on whether the claimant has properly stated a claim. *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Chaney v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626-27 (7th Cir. 1995) (citations omitted). Thus, we may only dismiss Counts I and III if they fail to support any set of facts under which Tillman may obtain relief. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

## 1) Plaintiff's Statutorily-Created Private Right of Action

Defendant contends that we must dismiss Tillman's claims seeking damages because 49 U.S.C. § 14704(a)(2) does not provide a private right of action to do so. Section 14704(a)(2) reads: "A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or ommission of that carrier or broker in violation of this part." 49 U.S.C. § 14704(a)(2). Defendant asserts two grounds in support of its position: first, that Congress did not specifically create a private right of action in § 14704(a)(2) – despite doing so in § 14704(a)(1) and § 14704(c)(1); and second, that the absence of a statute of limitations for § 14704(a)(2) – despite statutes of limitations for other § 14704 provisions – reflects Congress' intent not to create a private action therein.

Courts within the Seventh Circuit have rejected defendant's position, following reasoning advanced by the Eighth Circuit Court. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. New*

*Prime*, 192 F.3d 778 (8th Cir. 1999), *cert. den.*, *New Prime v. Owner-Operator Indep. Drivers Ass'n, Inc.*, 529 U.S. 1066 (2000) (holding that § 14704(a)(2) creates a private right of action for injunctive relief and damages for violations of the Federal Truth-in-Leasing regulations); *accord Owner-Operator Indep. Drivers Ass'n, Inc. v. Bulkmatic Transport Co.*, 2004 U.S. Dist. LEXIS 7616 (N.D. Ill. 2004) (J. Coar). *See also Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, Inc.*, 161 F. Supp. 2d 948 (S.D. Ind 2001). We find this reasoning sound and persuasive.

Defendant's first contention, that private rights-of-action are unavailable because three other sub-sections within § 14704 contain the phrase "a person may bring a civil action" while § 14704(a)(2) does not (instead incorporating the phrase "a carrier is liable"), fails to incorporate the statute's plainest reading. Instead, we read sub-sections (a)(1) and (a)(2) as "separate parts of § 14704(a), which is entitled 'In General.'" *Bulkmatic*, 2004 U.S. Dist. LEXIS 7616 at *3 (quoting *New Prime*, 192 F.3d at 784). We further decline to find in the use of differing phrases ("a person may bring a civil action" versus "a carrier is liable") the meaning Defendant urges. *See Bulkmatic*, 2004 U.S. Dist. LEXIS 7616 at *3.

Moreover, we decline to adopt Defendant's interpretation that the absence of a specific statute of limitations militates against recognizing a private right of action under sub-section (a)(2). Congress enacted legislation providing for a default statute of limitations of four years whenever a limitations period is not specifically provided within a particular statute. *See* 28 U.S.C. § 1658 (enacting a four year default statute of limitations period); *Bulkmatic*, 2004 U.S. Dist. LEXIS 7616 at *4. Defendant's argument that the absence of a specific statute of limitations for § 14704(a)(2) evidences Congress' intent to prohibit a private right of action is illogical in that attributing such intent to Congress' actions would render § 1658 useless. Accordingly, we find that Tillman may

maintain a private right of action under § 14704.

## 2) The Applicable Limitations Period

Alternatively, Defendant argues that should the Court recognize a private right of action under § 14704, we *must* apply the two year statute of limitations from 49 U.S.C. § 14705(c) because the absence of a statute of limitations results from a congressional scriveners' error. Using legislative history to its advantage, Defendant makes a compelling argument that Congress may have intended for § 14705(c) to apply to § 14704(a). However, by asking the Court to interpret the statute in its favor, Defendant asks us to rewrite the legislation in a manner that Congress may or may not have intended. *See Bulkmatic*, 2004 U.S. Dist. LEXIS 7616 at *5. We decline to do so.

Instead, we find Congress' enactment of a default statute of limitations (28 U.S.C. § 1658) prevents the result Defendant asserts. The crux of Defendant's argument rests on a perceived statutory ambiguity resulting from a missing statute of limitations. However, § 1658 explicitly clarifies the issue: when Congress fails to declare a statute of limitations, courts should apply the four year default. 28 U.S.C. § 1658. Further, of the four district courts to have addressed this issue, three have applied the four year default limitations period – providing Congress with enough notice to correct alternative interpretations. *Compare Fitzpatrick v. Morgan Southern, Inc.*, 261 F. Supp. 2d 978, 982-986 (invoking argument that scriveners' error based upon the legislative history and concluding that Congress intended a two year statute of limitations) *with Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*, No. 2:202CV-950TS (D. Utah Jan. 15, 2004) (concluding that the four year statute of limitations applies); *Owner-Operator Indep. Drivers Ass'n v. Ledar Transport*, 2004 U.S. Dist. LEXIS 7869 No. 00-0258-CV-W-FJG, slip op. at 9-11 (Jan. 7, 2004) (holding that the statute is not ambiguous and the four year limitations period applies); *Owner-*

4

*Operator Indep. Drivers Ass'n v. Heartland Express of Iowa*, 2003 U.S. Dist. LEXIS 25284, No. 0-01-80179, slip op. at 7 (S.D. Iowa Feb. 4, 2003) (finding the statute unambiguous; applying the four year limitations period). Congress has failed to address the issue in the intervening period. Accordingly, we find the statute unambiguous, applying the four year default statute of limitations per § 1658.

### 3) Primary Jurisdiction Issues

Finally, Defendant argues that a split of authority regarding the proper standard for compliance with leasing regulations invokes the doctrine of primary jurisdiction, and that the Court should therefore stay the litigation, pending a ruling by the FMCSA determining the proper standard.

The doctrine of primary jurisdiction operates when a court faces an issue requiring an administrative agency's specialized expertise, provided that the agency is willing to accept and decide the issue. *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). Defendant contends that the existing authority split evidences the need for agency expertise and presumes that the FMCSA would take and decide the compliance issue. Defendant's arguments notwithstanding, we are not convinced that the doctrine of primary jurisdiction applies here.

At its core, this case requires skills in statutory construction and contract interpretation – issues the Court considers on a regular basis. Moreover, while we recognize that achieving uniformity across jurisdictions is a rational and appropriate goal, Defendant has not provided any evidence that the FMCSA is willing to accept and decide the issue; all evidence before the Court suggests the contrary. Accordingly, we decline to issue a stay in these proceedings, absent evidence that the FMCSA desires to exercise its authority in this matter.

## CONCLUSION

For the foregoing reasons, we deny Defendant's motion to dismiss Counts I and III pursuant to Federal Rule of Civil procedure 12(b)(6), and decline to issue a stay in these proceedings. It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: June 27, 2006